## 5338. SMITH v. CLINE.

1. The fact that the evidence may subsequently disclose that a contract tendered as evidence, and otherwise admissible, was rescinded will not authorize its exclusion by the court upon the sole ground that there was a rescission.
2. The evidence authorized the verdict, and there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Houston county—Judge Riley. October 20, 1913.

*M. Kunz,* for plaintiff in error.

*C. C. Richardson, R. E. Brown,* contra.

RUSSELL, C. J. Cline sued Smith for $132, alleged to be due as a balance on a note for $432, given for the purchase-price of two mules bought by Smith, which note was payable to the Farmers Bank and was transferred by it to the plaintiff; and also for $121.92, alleged to be due as a balance on an open account. The defendant in his answer denied indebtedness. At the trial it was testified that a constable, acting for Cline or for the bank, or for both, went to the home of Smith, during his absence, and, without due process, removed the two mules and entered notice of the seizure upon the note, in which there was a reservation of title. According to testimony for the plaintiff, the defendant, being apprised of the seizure of the mules, called upon the bank and also upon Cline, and agreed that the note should be credited with $300 as the value of the mules. This was denied by the defendant. He claimed that certain hogs, corn, and hay were delivered by him to the plaintiff, to be credited on his account, but the credit was not shown in the statement of account attached to the petition. The plaintiff testified that this alleged set-off was accounted for in a settlement previous to the account sued on. The note sued on was admitted in evidence over the objection of the defendant that it had been rescinded by mutual agreement and therefore was void. The jury found a verdict in favor of the plaintiff, for $224.70 and costs. The defendant moved for a new trial, on the grounds, that the verdict was contrary to law and to the evidence; and that the court erred in admitting the note in evidence. The motion was overruled, and he excepted.

The court did not err in overruling the motion for a new trial. It is not necessary to elaborate what is said in the headnotes.

*Judgment affirmed.*